# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO D. LIGGONS, CDC# H-87043,<br><br>                     Plaintiff,<br><br>vs.<br><br>WARDEN HERNANDEZ; CAPTAIN COTA; ASSOCIATE WARDEN CONTREAS,<br><br>                     Defendants. | Civil No.   07-0801 BTM (POR)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT;**<br><br>**(2)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

      Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that his Sixth, Eighth, Ninth and Fourteenth Amendment rights have been violated by Donovan prison officials. (*See* Compl. at 3-6.)  Plaintiff's Complaint is nearly devoid of any specific factual allegations but he does refer to a "felony battery" which occurred on January 5, 2007. (*Id.* at 1.)

////

Case 3:07-cv-00801-BTM-POR   Document 3   Filed 08/27/07   PageID.19   Page 2 of 6

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.     Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay the filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

K:\COMMON\CHMB_15\FRIEDMAN\PRO SE FILED ORDERS\07-0801-g&d.wpd        -2-                                    07cv0801

1  from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez
2  v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213
3  F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

4        Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only
5  frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C.
6  §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule
7  on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal
8  pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires
9  a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.
10 Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to
11 amend, however, unless it determines that "the pleading could not possibly be cured by the
12 allegation of other facts" and if it appears "at all possible that the plaintiff can correct the
13 defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
14 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

15       "[W]hen determining whether a complaint states a claim, a court must accept as true all
16 allegations of material fact and must construe those facts in the light most favorable to the
17 plaintiff." *Resnick*, 213 F.3d at 447. However, while liberal construction is "particularly
18 important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the
19 court may nevertheless not "supply essential elements of the claim that were not initially pled."
20 *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

21       As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim
22 under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a
23 claimant: (1) that a person acting under color of state law committed the conduct at issue, and
24 (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the
25 Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.
26 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);
27 *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).
28 ///

1     A majority of Plaintiff's Complaint refers to his contention that the California Department
2 of Corrections and Rehabilitation has violated his Eighth Amendment right to be free from cruel
3 and unusual punishment because they have failed to provide programs that would provide a
4 "conducive environment for learning and adapting to program certifiable social reentry skills."
5 (Compl. at 4.) Because Plaintiff fails to provide any specific facts, the Court construes this claim
6 to be a conditions of confinement claim under the Eighth Amendment.

7     To state a claim for cruel and unusual punishment, Plaintiff must allege facts sufficient
8 to show that the conditions at Donovan subject him to "unquestioned and serious deprivations
9 of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501
10 U.S. 294, 298-300 (1991). "To be cruel and unusual punishment, conduct that does not purport
11 to be punishment at all must involve more than ordinary lack of due care for the prisoners'
12 interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). To assert an Eighth
13 Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege
14 facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v.
15 Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under
16 the objective requirement, the prisoner must allege facts sufficient to show that the prison
17 official's acts or omissions deprived him of the "minimal civilized measure of life's necessities."
18 *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. Under the subjective requirement, the
19 prisoner must allege facts that show that the Defendants acted with "deliberate indifference."
20 *Wilson*, 501 U.S. at 303; *Allen*, 48 F.3d at 1087.

21    "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel
22 and unusual punishments." *Farmer*, 511 U.S. at 837. Thus, "a prison official cannot be found
23 liable for denying an inmate humane conditions of confinement unless the official knows of and
24 disregards an excessive risk to inmate health or safety; the official must be both aware of facts
25 from which the inference could be drawn that a substantial risk of serious harm exists, and he
26 must also draw the inference." *Id.*

27 ////

28 ////

Here, Plaintiff has failed to allege sufficient facts to show that any of the prison officials' acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. Nor has Plaintiff alleged facts sufficient to show that Defendants have been "deliberately indifferent" to his needs, thus depriving him of "life's necessities" with the "obduracy and wantonness that characterize the conduct which is prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1981); *Farmer*, 511 U.S. at 837; *Rhodes*, 452 U.S. at 347.

In addition, Plaintiff refers to a "[penal code] § 243 battery" that was "perpetrated upon my person." (Compl. at 3.) Plaintiff fails to provide any specific factual allegations from which the Court can discern whether or not a claim can be stated. If Plaintiff wishes to file an amended Complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to set forth specific factual allegations pertaining to the alleged civil rights violations.

**III.     Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

1  owed in this case by collecting monthly payments from the account in an amount equal to twenty
2  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
3  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
4  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
5  ASSIGNED TO THIS ACTION.

6   3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton,
7  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
8  Sacramento, California 95814.

9   **IT IS FURTHER ORDERED** that:

10   4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
11  §§ 1915(e)(2)(b) and 1915A(b) for failing to state a claim upon which relief can be granted.
12  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed"
13  in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
14  above. Plaintiff's Amended Complaint must be complete in itself without reference to the
15  superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not
16  re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*,
17  814 F.2d 565, 567 (9th Cir. 1987).

18   Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may
19  be granted, it may be dismissed without further leave to amend and may hereafter be counted
20  as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir.
21  1996).

22   5. The Clerk of Court is directed to mail a Court approved form § 1983 complaint
23  to Plaintiff.

24   **IT IS SO ORDERED.**

25  
26  DATED: August 27, 2007
27  
28                                                                 *[signature]*
                                                                    Honorable Barry Ted Moskowitz
                                                                    United States District Judge